MARK A. HARRIS   (No. E-46844)
NAME
High Desert State Prison ('HDSP')
PRISON NUMBER

P.O. Box 3030
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Susanville, California 96127-3030
CITY, STATE, ZIP CODE

| 2254 ✓ 1983 | |
| FILING FEE PAID | |
| Yes___ | No ✓ |
| IFP MOTION FILED | |
| Yes ✓ | No___ |
| COPIES SENT TO | |
| Court ✓ | ProSe___ |



FILED

NOV 19 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Mark A. HARRIS,                          ,
(FULL NAME OF PETITIONER)
                            PETITIONER

v.

Tommy FELKER, Warden-HDSP,               ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                            RESPONDENT
        and

Bill LOCKYER,                            ,
The Attorney General of the State of
California, Additional Respondent.

Civil No _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

'07 CV 2216  JAH BLM

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack: _____
    Non-applicable (this petition challenges a prison disciplinary adjudication)

2.  Date of judgment of conviction: August 7, 2004 (disciplinary guilt finding)

3.  Trial court case number of the judgment of conviction being challenged: Non-applicable
    (Centinela prison disciplinary misconduct report number, CEN-FC-03-06-026R)

4.  Length of sentence: 26 yrs to life

CIV 68 (Rev. Jan. 2006)

cv

5.  Sentence start date and projected release date: __1/03/1990, Indeterminate sentence__

    _____

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _____
    __Murder with weapons use (cnts 1, 2)_____

    _____

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty           ☐
    (b)  Guilty               ☒
    (c)  Nolo contendere      ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury         ☐
    (b)  Judge only   ☐

9.  Did you testify at the trial?   Non-applicable
    ☐ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☐ No    Non-applicable (petition relates to prison disciplinary finding)

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____
    (d)  Names of Judges participating in case (if known)_____

         _____

    (e)  Grounds raised on direct appeal: _____

         _____

         _____

12. If you sought further direct review of the decision on appeal by the **California Supreme
    Court** (e.g., a Petition for Review), please answer the following:   Non-applicable
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____

         _____

    (d)  Grounds raised: _____

         _____

         _____

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:    Non-applicable

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  ☒ Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): Imperial  No. #EHC00647

    (b) Nature of proceeding: Habeas corpus petition

    _____

    (c) Grounds raised: _____

    Same as those set forth at ¶22 of the within petition (Grounds I-XII)

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No  (a hearing was requested but refused by superior court)

    (e) Result: Denied  (Exhibit A, Imperial Superior Order of Denial)

    (f) Date of result (if known): August 17, 2006  (Ibid. at 4)

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  ☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): 4th Appellate No. D049548

    (b) Nature of proceeding: Habeas corpus petition  and Reconsideration motion

    (c) Names of Judges participating in case (if known)
       Justice IRION, Acting Presiding Justice;  BENKE, J.; HUFFMAN, J.

    (d) Grounds raised: _____
       (1) On habeas: same as those set forth at ¶22 of the within petition I-XII
       (2) On reconsideration:  court's misapprehension of issue with unrelated D047381 appeal

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes  ☒ No

    (f) Result: Denied (Exhibits B, C,  Appellate Court Order of Denials)

    (g) Date of result (if known): January 26 and February 27, 2007  (Ibid.)

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): Supreme No. #S151472

    (b) Nature of proceeding: Habeas  corpus petition

    (c) Grounds raised: _____
       Same as those set forth at ¶22 of the within petition (Grounds I-XII)

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes  ☒ No

    (e) Result: Denied  (Exhibit D, Supreme Court Order of Denial)

    (f) Date of result (if known): May 9, 2009  (Ibid.)

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Non-applicable

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☒ Yes ☐ No    (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed? _____

(i) What was the prior case number? _____

(ii) Was the prior action (CHECK ONE):
☐ Denied on the merits?
☐ Dismissed for procedural reasons?

(iii) Date of decision: _____

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution of the United States.

**GROUND ONE:** Petitioner was denied his due process rights under Dandin v. Conner (1995) 515 U.S. 475 When he was found guilty and sentenced to 23 months punitive segregation after a disciplinary hearing based on a misclassified offense report in contravention of disciplinary rule 3323 barring A-1 categorization of Petitioner's charge, violating his state-created liberty interest in freedom from disciplinary segregation per 3341.5(c)(1).

Supporting FACTS:

I. Petitioner, a prison inmate while housed at Centinela State Prison, Imperial County California during 2003 through 2004 following prison reversal of prior misconduct guilty finding ("Charge I") was ultimately retried and held culpable ("Charge II"). The process of which, that forms the subject matter of this petition.

II. Specifically, on June 24, 2003, Petitioner was cited for participation in a stabbing battery upon resident DAVIS and found guilty. **(Exh. E, Charge I Hearing Adjudication at 1, 5.)** During the adjudication DAVIS participated in the proceeding and provided exonerating testimony, that Petitioner no involement in the battery upon him. **(Ibid. at 3-4.)**

III. On December 22, 2003 the cumulative complaint was refiled and classified as a Division A-1 offense (which holds culpable any inmate who commits/attempts battery or battery causing serious injury and/or with a deadly weapon, see Exh. H Regulation 3323(b)(3)-(4)). **(Exhs F Disciplinary Misconduct Complaint; G Confidential Information Notice; T Crime/Incident Report.)**

IV. Officials' A-1 classification of Petitioner's Charge II misconduct notice without it reporting him as battering or attempting to batter any inmate was improper. Nor was

**(facts continued:)**

Did you raise GROUND ONE in the California Supreme Court?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas corpus petition___

(2) Case number or citation: ___S151472___

(3) Result: ___Denied (Exh. D.)___

## FACTS CONTINUED:

Petitioner pursued under an alternative liability therory available to officials. (Exh. H, passim.)

**V.** No staff observed Petitioner partake in the offense and the entire charge was based on what other inmates had alleged in secret interviews.

In an effort to prove his innonence, Petitioner pursued a not true, mistaken identity, and inmate aversion defense to undermine refute and disprove the 2003 June 3, 5, and 6 alleged intrigue between himself and other residents resulting in the DAVIS assault. (**Exhs F; G; I BISHOP/GOFFNEY Disciplinary Notice Excerpts.**)

**VI.** On August 7, 2004, Petitioner was found guilty and in breach of the Division A-1 classified offense, and consequently sentenced to and served a 23 month Security Housing Unit ("SHU") term in the prison's Super-max Administrative Segregation Unit. (**Exhs J Charge II Hearing Adjudication at 3; K Punitive Segregation Assessment.**)

The conditions and duration in super-max imposed an atypical and significant hardship on him.

**VII.** Petitioner was denied virtually all privileges, received all meals in his quarters, spent 24 hours a day in a vision sensory deprivation cell, shackled for all out-of-cell excursions, disallowed any training/educational activities nor allowed telephone access, permitted one hour of non-contact visitation [less than the 12 provided for non-supermax inmates], and underwent three weekly exercise periods in a concrete kennel with no view of the outside world nor afforded any recreational equiptment.

//

//

//

---

**GROUND** __2__ : Petitioner was denied his due process rights under Wolff v. McDonnell (1974) 418 U.S. 539 To adequate substitute aid in the form of gather of information necessary for an adequate comprehension of the case.

**Supporting FACTS:**

**I.**   Prior to the Charge II adjudication, due to his placement in restricted housing, Petitioner sought and was assigned substitute investigative aid ("SIA"), Correctional Officer, A. FLORES to assist in information and evidence gathering for construction of his defense. **(Exh. L, Investigative Employee Report at 1.)**

**II.**  The cumulative disciplinary complaint (CDCR forms 115, 1030, and 837) that formed the basis of the misconduct charge, inferred in part, that Petitioner conversed with resident BISHOP on the recreation field on June 3, 2003 with instructions to assault DAVIS. **(Exh. G.)**

**III.** During the day in question, BISHOP was assigned to the prison's education department during the hours of general resident recreation yard access. With Petitioner himself attending vocational electronics on June 3, 2003.

**IV.**  Consequently and as part of his defense, Petitioner requested the SIA to ascertain the existence of BISHOP's June 3rd school attendance to undermine the source(s) reliability/credibility and to refute and disprove the allegation of conversing with BISHOP on June 3rd. **(Exh. M, Investigatory Task Package at 5 #20.)**

**V.**   On August 6, 2004, SIA FLORES submitted his investigative report into evidence without carrying out the requested task. **(Exh. L passim.)**

The SIA assistance in this regard was deficient. Petitioner was subsequently found guilty.

Did you raise GROUND __2__ in the California Supreme Court?   ☒ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): __Habeas corpus petition__

(2)   Case number or citation: __S151472__

(3)   Result: __Denied (Exh. D.)__

GROUND ___3___: ___Petitioner was denied his due process rights under Wolff v. McDonnell

(1974) 418 U.S. 539  To adequate substitute aid in the form of gathering of information

necessary for an adequate comprehension of the case.

Supporting **FACTS**:

I.   Simultaneous to charging Petitioner, resident inmates GOFFNEY (BISHOP's then cell-mate) and BISHOP were also infracted with connection to the DAVIS offense based on confidential source information indexed in the Confidential Memorandum charging report brought against Petitioner.

II.  The charging memorandum alleged in relevant part, that on June 5, 2003, the day before the DAVIS assault Petitioner had ordered each to assist the other in assaulting DAVIS. (**Exh. I, passim.**)

III. During the month of June, 2003 prior to being segregated, Petitioner resided in cellblock 4 and GOFFNEY/BISHOP in cellblock 3. (**Exh. F at 1.**)

IV.  Consistent with existing facility operational procedure, units 3 and 4 were not allowed access to the recreation field together (e.g., unit 3 received an a.m. scheduled recreation on Thursday, June 5, 2003. And unit 4 underwent a p.m. scheduled exercise period on Thursday, June 5, 2003 [essentially an odd cellblock during one period and an even numbered cellblock during the next period]).

V.   In addition to Petitioner residing in cellblock 4 on June 5, 2003, he also attended vocational electronics for the entire day of June 5th. (**Exh. N, Vocation/Electronics Time Card.**)

VI.  Comsequently, as part of his defense to undermine the source(s) reliability/ credibility and to refute and disprove the allegation, Petitioner SIA requested unit 3's recreation yard access schedule. (**Exh. M at 5 #18.**) Notwithstanding, the SIA failed to carry out the task. (**Exh. L, passim.**) The SIA's assistance was thus deficient.

Did you raise GROUND ___3___ in the California Supreme Court?    ☒ Yes ☐ No.

If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas corpus petition___

   (2)   Case number or citation: ___S151472___

   (3)   Result: ___Denied (Exh. D.)___

GROUND __4__: Petitioner was denied his due process rights under Wolff v. McDonnell (1974) 418 U.S. 539 To adequate substitute aid in the form of gathering of information necessary for an adequate comprehension of the case.

_____

_____

**Supporting FACTS:**

I.   In compiling his written summary of the evidence relied on to support the culpability finding against Petitioner, the disciplinary fact-finder cited the inmate allegation that resident BISHOP after assaulting DAVIS was observed wiping his hands and body with a tee shirt then disposing of it near the wall. (**Exh. J, Charge II Hearing Adjudication at 5.**)

II.  Petitioner one of 31 inmates on the outskirts of the established DAVIS incident perimeter (**Exh. O, Crime Scene Schematic Report**), observed crime scene preservationlist place numbered evidence placards on every item of discarded/blooded clothing identified within the cordoned off area.

III. Aware that the allegation was fabricated, in that no tee shirt was ever itemized nor found by/near any wall. Petitioner during his prehearing review of the disclosed statement and to illustrate its falsity as part of his defense to undermine the source reliability/credibility and to refute and disprove the charge, requested his SIA to determine the existence of any tee shirt collected, photographed, itemized, and/or placarded by preservationlist. (**Exh. M at 6 #27.**)

IV.  Notwithstanding the request, the SIA failed to carry out the task. (**Exh. L, passim.**) The SIA's assistance in this regard was deficient. Petitioner was subsequently found guilty.

Did you raise GROUND __4__ in the California Supreme Court?  ☒ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): __Habeas corpus petition__

(2)  Case number or citation: __S151472__

(3)  Result: __Denied (Exh. D.)__

GROUND ____ 5 ___:    Petitioner was denied his due process rights under <u>Sandin v. Conner</u>
(1995) 515 U.S. 475 when he was found guilty and sentenced to 23 months segregation
after an infraction hearing that was convened without providing him all non-confidential
evidence/reports to be relied on in contravention of disciplinary rule 3320(c)(1),
violating his state-created liberty interest in freedom from punitive segregation.

Supporting FACTS:

I.    During refiling of the Charge II complaint, Petitioner was noticed by CDCR forms
115, 1030, and 837 collectively. **(Exhs F, G, U .)**

II.    He was also provided an investigative assistance report by the assigned SIA. **(Exh.
M.)** Who informed him, now that the notice and evidence/information collection processes
to be considered by the disciplinary tribunal had been carried out, his hearing would
be convened.

III.    The next day, on August 7, 2004, Petitioner was summons before the prison's
disciplinary fact-finder, Senior Hearing Officer ("SHO"), WHITE and found guilty. **(Exh.
J at 1, 3.)**

IV.    In receiving the summary of evidence relied on to support the finding, the SHO cited
a litany of inmate allegations inclusive that Petitioner, "talked to DAVIS on several
occasions on June 6, 2003 prior to the incident separately from BISHOP to stage the fight
between them and that he is the most influential gang affiliate (crip) on facility C."
**Ibid. at 5.** In refiling the complaint, none of these statements were noticed on Petitioner.

V.    Convening of the hearing without adequate disclosure of this evidence was improper.
Petitioner was subsequently held culpable and sentenced to 23 months in the prison's
Super-max. Without affording him the regulatory process of 3320(c)(1) the finding and
sentence constituted an atypical and significant hardship on him because of the conditions
and duration in Super-max as set forth in the supporting facts of ground one and
incorporated herein.

Did you raise GROUND ___ 5 ___ in the <u>California Supreme Court?</u>    ☒ Yes ☐ No.

If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas corpus petition___

   (2)   Case number or citation: ___S151472___

   (3)   Result: ___Denied (Exh. D.)___

**GROUND** ___6___ : Petitioner was denied his due process rights under Sandin v. Conner (1995) 515 U.S. 475 when he was found guilty and sentenced to 23 months punitive segregation after a hearing that was convened notwithstanding his request and showing of reasonable need for a postponement in contravention of disciplinary rule 3320(d), violating his state-created liberty interest in freddom from disciplinary segregation per 3341.5(c)(1).

Supporting FACTS:

**I.**    Upon commencing the Charge II adjudication, Petitioner sought a continuance to allow for further SIA gathering of information requested but never collected, which constituted a reasonable need attributable to inadequate investigative aid. Accord, Grounds II-IV. **(Exh. P, Adjudication Postponement Request.)**

**II.**    The information consisted of (1) blood spatter photos of the DAVIS incident area, (2) unit C3's June 5, 2003 recreation field access schedule, (3) a determination of any June 3rd 2003 BISHOP school attendance, and (4) a determination of any June 6th 2003 white tee shirt discovery by crime scene preservationalist. **(Exh. M at 5-6.)**

**III.**    The request was denied with the SHO adducing it as unnecessary for various reasons neither undermining his showing of reasonable need for a continuance. **(Exh. J at 1-2.)**

Convening of the hearing without postponement for further SIA information gathering after a demonstration of reasonable need was improper.

**IV.**    Petitioner was found guilty and subsequently sentenced to 23 months in the prison's Super-max. **(Exhs J, K.)**

Without affording him the regulatory process of 3320(d) the finding and sentence constituted an atypical and significant hardship on him because of the conditions and duration in Super-max as set forth in the supporting facts of ground one ¶VII and incorporated herein

Did you raise GROUND ___6___ in the California Supreme Court?    ☒ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas corpus petition___

(2)   Case number or citation: ___S151472___

(3)   Result: ___Denied (Exh. D.)___

**GROUND** _____7_____ : Petitioner was denied his due process rights under <u>Wolff v. McDonnell</u> (1974) 418 U.S. 539  To presentation of documentary evidence in the form of blood spatter photos of the DAVIS crime scene assault area.

**Supporting FACTS**:

**I.**  Having had his request for a continuance denied, Petitioner found himself compelled into the hearing. In an effort to salvage his defense and to refute and disprove the charge, he sought to no avail presentation of the blood splatter photos under Respondent's control (photos of the walls, floor, entrance way, door interior, and fixtures [locker, sink/toilet, and bunking area] of cell C3-149).

**II.**  The form 115 notice charged among other things, that Petitioner blocked DAVIS' efforts to exit the cell during the attack and the discovery of large amounts of blood spatter and stains on the walls and floors. **(Exh. F at 1-2.)**

**III.**  In this regard, evidence preservationalist, ROMERO reported a bloody fingerprint and blood stains on the sink/toilet fixtures of cell 149. **(Exh. Q, Blood Print/Stains Report.)**

**IV.**  In connection with this, nine 837 reports compounded by responding staff also documented DAVIS as covered in blood, bloodied, and blood on his chest. **(Exh. R, Staff Blood Observation Reports.)**

**V.**  Upon securing the cellblock, every inmate was relegated to an unclothed body and clothing search. **(Exh. S, Staff Body Search Report.)**

**VI.**  No blood was discovered on Petitioner, his clothing, shoes and/or shoe soles nor was it alleged by any inculpating source inmate that Petitioner discarded any clothing item following the DAVIS incident or prior to responding staff's arrival.

Adjudication without allowing this evidence was improper.

Did you raise GROUND ___7___ in the <u>California Supreme Court</u>?   ☒ Yes ☐ No.

If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas corpus petition___

   (2)   Case number or citation: ___S151472___

   (3)   Result: ___Denied (Exh. D.)___

GROUND ___8___: Petitioner was denied his due process rights under Wolff v. McDonnell (1974) 418 U.S. 539 To call witnesses at his disciplinary hearing.

_____

_____

_____

**Supporting FACTS:**

**I.** On August 4, 2004, Petitioner was SIA queried on his desire to call witnesses in his defense at hearing.

**II.** Having it been alleged that he instructed BISHOP to assault DAVIS on the recreation yard prior to the June 6, 2003 incident. And cognizant that other inmates had just walked into the cellblock with him upon closure of the exercise field, was themselves on the recreation field during the time he was to have conversed with resident BISHOP, saw him over the span of the outdoor period, and could provide testimony refuting the BISHOP/Petitioner conversation/conclave, Petitioner requested several inmates to be called telephonically during the hearing for questioning regarding the allegation. **(Exh. L at 9.)**

**III.** These witnesses also lived in Unit 3, were known to Petitioner and DAVIS, knew the standing of their interaction, and were sought for further questioning of whether there was any animosity between them to warrant Petitioner's complicity in the charged assault. And also could have supported his defense that he had been mistakenly and maliciously identified.

Adjudication of the Charge II infraction report without allowing these material witnesses was improper.

Did you raise GROUND __8__ in the California Supreme Court?    ☒ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): _Habeas corpus petition_

(2)  Case number or citation: _S151472_

(3)  Result: _Denied (Exh. D.)_

GROUND ____9____: Petitioner was denied his due process rights under Sandin v. Conner (1995) 515 U.S. 475 when he was found guilty and sentenced to 23 months punitive segregation after a hearing where he had his requested witnesses denied without the disciplinary tribunal specifying any specific reason for doing so in contravention of disciplinary rule 3315(e)(1) violating his state-created liberty interest under 3341.5(c).

**Supporting FACTS:**

I.  Prior to appearing before the disciplinary tribunal, Petitioner's assigned SIA introduced into evidence an investigatory report for consideration by the hearing fact-finder per Regulation 3318(a)(1)(E), Title 15 CCR. **(Exh. L.)**

II.  The last page of the report unequivocally documented Petitioner's request and desire to call several defense witnesses. **(Ibid. at 9.)**

III. At the proceeding the request was denied without the SHO giving any reason. Thereafter, the hearing adjudication was summarized in a completed form 115 Rules Violation Report. **(Exh. J.)**

IV.  In addressing the subject of witnesses requested by Petitioner, at page three of the written statement, the SHO again not only gave no specific reason but no reason at all for refusing to call the requested witnesses identified in the SIA's report. **(Ibid. at 3.)** The preclusion of requested witnesses without any reason was improper.

V.  Petitioner was found guilty and subsequently sentenced to 23 months in the prison's Super-max. **(Exhs J, K.)**

Without affording Petitioner the regulatory process of 3315(e) the finding and sentence constituted an atypical and significant hardship on him because of the conditions and duration in Super-max as set forth in the supporting facts of ground one ¶VII and incorporated herein.

Did you raise GROUND __9__ in the California Supreme Court?    ☒ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): __Habeas cropus petition__

(2)  Case number or citation: __S151472__

(3)  Result: __Denied (Exh. D.)__

**GROUND** <u>10</u> : Petitioner was denied his due process rights under <u>Superintendent v.</u> <u>Hill</u> (1985) 474 U.S. 445  Not to be found guilty except on the bais of some evidence substantiating the disciplinary charge i.e., he battered causing serious injury or battered with a weapon resident DAIVS.

**Supporting FACTS:**

I.  On August 7, 2004, Petitioner appeared before the prison's disciplinary tribunal, who thereafter found him guilty and in breach of a Division A-1 series offense as classified. **(Exh. J at 3.)**

II.  Simultaneously, Petitioner unavailingly reasoned with the tribunal that the finding as an "A-1" category infraction is unsupported as a matter of law.

III.  Petitioner predicated this argument on the fact that nothing within the infracting documents of the cumulative complaint noticed on him and relied on by the fact-finder, depicted him as battering causing serious injury or attempted to batter or battered with a deadly weapon resident DAVIS **(Exhs F, G, U.)**

The SHO's deduction that some evidence existed to sustain the A-1 category guilt finding against Petitioner was improper.

Did you raise <u>GROUND 10</u> in the <u>California Supreme Court?</u>    ☒ Yes ☐ No.

If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): <u>Habeas corpus petition</u>

   (2)   Case number or citation: <u>S151742</u>

   (3)   Result : <u>Denied (Exh. D.)</u>

**GROUND ____ 11 :** Petitioner was denied his due process rights under Cato v. Rushen (9th Cir. 1987) 824 F.2d 703 Not to be found guilty in a prison disciplinary proceeding except on the basis of evidence having an indicia of reliability to satisfy the Hill v. Superintendent, supra some evidence standard.

**Supporting FACTS:**

**I.** Inclusive of the refiled cumulative complaint, Petitioner was noticed by an 837 Crime/Incident report. **(Exh. U.)**

**II.** Attached to this report was an amended 837 supplemental narrative that was not noticed on Petitioner during the Charge I adjudication. The report's narrative language revealed a DAVIS incrimination of Petitioner involved in his assault. **(Ibid. at 4.)**

**III.** To undermine the report's credibility and to refute and disprove the "allegation of Petitioner's involvement," he presented documentary evidence of tetstimony proffered by DAVIS himself during the Charge I adjudication. Where he participated as a defense witness and exculpated Petitioner. **(Exh. U, Davis Exculpatory Testimony.)**

The Charge I recorded testimony contravened the DAVIS identification and allegation of Petitioner being involved. **(Ibid. at 1-2.)**

**IV.** The fact-finder informed Petitioner that he should not have been noticed with the amended 837 DAVIS identification report, as the information was denoted inmate exclusionary and had been memorialized in the reporting employee's confidential memorandum charging document.

**V.** Petitioner was thereafter found guilty based on the confidential memorandum of DAVIS' identification/inculpating of him as involved in his assault, a 1030 confidential information disclosure of information contained in the memorialized memo all of which were foundationed on confidential allegation provided partly by DAVIS. **(Exh. J at 5.)**

The SHO's deduction that such evidence had an indicia of reliability was improper.

Did you raise GROUND 12 in the California Supreme Court?    ☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): __Habeas corpus petition__

(2) Case number or citation: __S151472__

(3) Result: __Denied (Exh. D.)__

**GROUND __12__:** Petitioner was denied his due process rights under <u>Sandin v. Conner</u> when he was found guilty and sentenced to disciplinary segregation after a hearing predicated on a tribunal's failure to make a truthful/credibility finding where confidential information was the sole basis for holding him culpable, in contravention of disciplinary rule 3321(b)(1), violating his state-created liberty interest per 3341.5.

**Supporting FACTS:**

I.   In finding Petitioner guilty, the SHO compounded a summary indexed under Confidential Information. **(Exh. J at 5.)**

II.  The fact-finder itemized 3 documents authored by the reporting employee as evidence from confidential sources relied on to support the guilt finding. The documents consisted of one CDCR form 1030 dated June 16, 2003 and two confidential memorandums dated June 6 and 16, 2003. **(Ibid.)**

III. Regarding determination of "<u>source reliability</u>," the summary indicated that the fact-finder beilieved the confidential sources were reliable for three (3) reasons listed on the 1030 form **(Exh. G)** noticed on Petitioner.

IV.  In making the reliability finding the SHO noted that the three documents met the criteria of CCR 3321, and specifically cited listed reasons of reliability printed on the standard 1030 form, i.e., (1) the source has previously provided information which has proven to be true; (2) more than one source provided the same information; (3) part of the information had proven to be true. **(Exhs G, J at 5.)**

V.   Regarding determination of "<u>source credibility</u>," however, the SHO documented no reason for **believing** why the confidential sources were truthful. **(Exh. J at 5.)** Reliance on such information for imposing disciplinary sanctions without a truthful determination was improper.

VI.  Petitioner was subsequently sentenced to 23 months in the prison's Super-max. Absence of the process of 3321(b)(1) the finding and sentence constituted an atypical and signifi-cant hardship because of the conditions and duration in Super-max as set forth in ground one ¶VII and incorporated herein.

Did you raise <u>GROUND 12</u> in the <u>California Supreme Court</u>?   ☒ Yes ☐ No.

If yes, answer the following:

   (1)  Nature of proceeding (i.e., petition for review, habeas petition): _Habeas corpus petition_

   (2)  Case number or citation: _S151472_

   (3)  Result: _Denied  (Exh. D.)_

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: Non-applicable
_____

(b) At arraignment and plea: Non-applicable
_____

(c) At trial: _____ Non-applicable
_____

(d) At sentencing: _____ Non-applicable
_____

(e) On appeal: _____ Non-applicable

(f) In any post-conviction proceeding: Thomas A. Olafson, Deputy Public Defender
Imperial County (represented petitioner in superior court on habeas #EHC-00647)

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
Non-applicable
_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No    (Non-applicable, prison disciplne petition)

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No    (Non-applicable, prison discipline petition)

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____

(b) Give date and length of the future sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

cv

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____

Wherefore, Petitioner prays that the Court

    **1.** Require Respondent to appear and show legal cause, if cause exist why the relief prayed for should not be granted;

    **2.** Order Respondent to file and serve a certified copy of the state habeas petitions filed and litigated in the California Court of Appeal, Fourt Appellate District Court relevant to the instant petition indexed as In re Harris Nos. D047381 and D049548 or, in the alternative;

    **3.** Take judicial notice of the claim specification of those petitions D047381 (Claim I) and D049548 (Claim X);

    **4.** After full consideration of the claims raised in the petition, issue a writ directing Respondent to vacate the guilty finding and dismiss Rules Violation Report No. Cen-FC-03-06-026R or, in the alternative;

    **5.** Depending on Respondent's answer to the petition, permit discovery and allow an evidentiary hearing at which Petitioner may offer proof concerning any affirmative defense Respondent raises other than the state court decision was not 'contrary to' or an 'unreasonable application' of supreme court precedent nor an 'unreasonable determination' of the facts before it.

### INCORPORATION OF FACTS

Petitioner hereby incorporates and adopt the supporting facts of ground one ¶VII in support of his claims raised in grounds 5, 6, 9, and 12 as if fully set forth therein. And by reference incorporates the facts in the supporting exhibits.

### CONCLUSION

For all the above-stated reasons, the relief sought by Petitioner in this 28 U.S.C. §2254 proceeding should be granted. And any such other and further relief as may be appropriate which he may be entitled to.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____10/25/___, 2007    _____, Mark A. Harris
      (DATE)            SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

cv

## PROOF OF SERVICE BY MAIL
### (CCP 1013, 2015.5 / FRCP 5, 18 USC 1621)

I the undersigned, certify that I am a U.S. citizen over the age of 18, and that

my name and address are the same as that appearing on the envelope.  And that on the

month of _10 / 25 / 07_ , I served:

1) Petition for Writ of Habeas Corpus
2) Lodgment of Exhibits in support of Petition
3) Motion to Proceed in forma Pauperis

Upon the office of ~~counsel for respondent /~~ the court clerk, by delivering to

prison officials a sealed envelope for depositing in the U.S. mail, addressed to:

United States District Court

SOUTHERN DISTRICT OF CAL.

2003 W Adams Ave., Ste #220

El Centro, CA 92243

I declare under penalty of perjury, the laws of California, and the United States

that the foregoing is true and correct by me, on this the _25 th_ day of _October_

, 200 _7_ .  Executed at _Susanville_ , California.

/s/ _____
MARK A. HARRIS

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

1983

FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SENT TO
Court

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

## I (a) PLAINTIFFS

Mark A. Harris

Tommy Felker, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Lassen

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Mark A. Harris
PO Box 3030
Susanville, CA 96127
E-46844

**ATTORNEYS (IF KNOWN)**

'07 CV 2216    JAH BLM

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only) -- FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE                    Docket Number

DATE    11/19/2007

SIGNATURE OF ATTORNEY OF RECORD