UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A. HARRIS, | ) | Case No. 07cv2216-JAH (BLM) |
| Petitioner, | ) | **ORDER GRANTING RESPONDENT'S EX** |
| v. | ) | **PARTE APPLICATION FOR AN** |
| | ) | **EXTENSION OF TIME** |
| TOMMY FELKER, Warden, et al., | ) | |
| Respondents. | ) | **[Doc. No. 6]** |
| | ) | |
| | ) | |

On March 6, 2008, Respondent filed a request for an extension of time in which to file a motion to dismiss or an answer to the Petition for Writ of Habeas Corpus. Doc. No. 6. Counsel for Respondent attests that good cause exists because she has yet to receive records from the California Court of Appeal pertaining to Petitioner's second petition in that court (counsel already requested and received records relating to the first petition). <u>Id.</u>

Good cause appearing, Respondent's application is **GRANTED**.

1.  If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the

1  Petition is barred by the statute of limitations, or that the Petition
2  is subject to dismissal under Rule 9 of the Rules Governing § 2254
3  Cases, or that all of the claims are procedurally defaulted, or that
4  Petitioner is not in custody), Respondent shall file a motion to dismiss
5  pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **May**
6  **5, 2008**.   The motion to dismiss shall not address the merits of
7  Petitioner's claims, but rather shall address <u>all</u> grounds upon which
8  Respondent contends dismissal without reaching the merits of
9  Petitioner's claims is warranted.[1]  At the time the motion to dismiss
10 is filed, Respondent shall lodge with the Court all records bearing on
11 Respondent's contention in this regard.  A hearing date is <u>not</u> required
12 for the motion to dismiss.

13       2.    If Respondent files a motion to dismiss, Petitioner shall file
14 his opposition, if any, to the motion no later than **June 6, 2008**.  At
15 the time the opposition is filed, Petitioner shall lodge with the Court
16 any records not lodged by Respondent which Petitioner believes may be
17 relevant to the Court's determination of the motion.

18       3.    Unless the Court orders otherwise, Respondent shall not file
19 a reply to Petitioner's opposition to a motion to dismiss.   If the
20 motion is denied, the Court will afford Respondent adequate time to
21 respond to Petitioner's claims on the merits.

22       4.    If Respondent does not contend that the Petition can be
23 decided without the Court reaching the merits of Petitioner's claims,
24 Respondent shall file and serve an answer to the Petition, <u>as well as</u>
25 <u>points and authorities in support of such answer</u>, no later than **May 20,**
26 **2008**.  At the time the answer is filed, Respondent shall lodge with the

27 _____

28       [1]If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

Court all records bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered separately and sequentially.

5.   Petitioner may file a traverse to matters raised in the answer no later than **June 20, 2008**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6.   A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7.   Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8.   Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without

07cv2216-JAH (BLM)

a certificate of service will be returned to the submitting party and disregarded by the Court.

9.   Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED:   March 7, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE JOHN A. HOUSTON
U.S. DISTRICT JUDGE

ALL COUNSEL

07cv2216-JAH (BLM)