Mark A. Harris, Corrections No. E-46844
High Desert State Prison-Lassen County
P.O. Box 3030        (C8-122)
Susanville, CA  96127

Petitioner, in propria persona

FILED

2008 AUG 18 PM 2:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____Rm_____ DEPUTY

UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT

MARK A. HARRIS,

        Petitioner,

v.

TOMMY L. FELKER, Warden, et al.,

        Respondent.
_____/

Case No. CV - 07 - 2216 JAH (BLM)

(28 USC §2254 Proceeding)

Hon. Judge: Barbara L. Major

**PETITIONER'S TRAVERSE TO THE ANSWER TO THE PETITION**
**APPEAL FROM THE STATE COURT OF CALIFORNIA**

Imperial County Superior Court No. EHC00647
Court of Appeal Fourth Appellate District No. D049548
California Supreme Court No. S151472

//

//

//

//

//

Mark A. Harris, Corrections No. E-46844
P.O. Box 3030     (C8-122)
Susanville, CA 96127

Petitioner, in propria persona

UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT

File No.  CV - 07 - 2216 JAH (BLM)

MARK A. HARRIS,                                           (28 USC §2254 Proceeding)
        Petitioner,
  v.
TOMMY L. FELKER, Warden, et al.,                          Hon. Judge: Barbara L. Major
        Respondent.
_____/

**PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO THE PETITION**
**I. INTRODUCTION**

On November 19, 2007, Petitioner had a writ application filed in this Court. (Petition, 1-12.) The Court ordered Respondent to file an Answer. He has done so, and this Traverse follows.

**II. STATEMENT OF THE CASE**

Petitioner brings this action after an August 7, 2004 prison disciplinary culpability finding of participation in a stabbing battery of another inmate. He was consequently sentenced to and served a 23 month punitive Security Housing Unit (SHU) term in the prison's Super-Max Administrative Segregation Unit (ASU-Max).

Because of the conditions and duration in Super-Max, the "finding and sentence" constituted an atypical and significant hardship on Petitioner, where they succeeded a disciplinary hearing rife with due process and evidentiary safeguard

1.

infringements, therefore violating his state-created liberty interest in freedom from disciplinary segregation, and thus his federal due process rights under Sandin v. Conner (1995) 515 U.S. 472; Wolff v. McDonnell (1974) 418 U.S. 539; Superintendent v. Hill (1985) 472 U.S. 445.

Appeal was timely taken thereafter, with a State Supreme Court's May 9, 2007 affirmance of the disciplinary tribunal's culpability finding, and this Federal §2254 proceeding timely following.

### III. PROCEDURAL DEFAULTS

The claims in the petition are exhausted, and the petition was timely under 28 USC 2244(d). These facts are undisputed, Respondent's Answer to the Petition for Writ of Habeas Corpus (Answer) at 3, ¶6.

### IV. GENERAL AND SPECIFIC DENIALS; ADMISSIONS; ACKNOWLEDGEMENTS; AFFIRMATIONS

Petitioner generally denies Respondent's assertion that he did not suffer any deprivation of his constitutional rights warranting habeas corpus relief.

Specifically Petitioner deny that he was not denied his right to due process under Sandin, supra when he was found guilty and sentenced to ASU-Max after a hearing: (1) that was based on a misclassified offense report in breach of California Code of Regulations, Title 15 §3323 (Regulation) barring an "A-1" offense categorization of his charge; (2) that was convened without disclosing to him all of the non-confidential evidence/reports to be relied on by the disciplinary tribunal in contravention of Regulation §3320(c)(1); (3) that was held notwithstanding his request and showing of a reasonable need for a postponement in violation of Regulation §3320(d); (4) where his requested witnesses were denied without the tribunal specifying any specific reason for doing so in breach of Regulation §3315(e)(1); (5) that was predicated on the tribunal's failure to make a truthful/credibility finding where confidential information was the sole basis for holding him culpable in contravention of Regualtion §3321(b)(1), all of which violated his liberty interest in freedom from disciplinary segregation per Regulation

2.

§3341.5(c)(1).

In addition Petitioner specifically deny that he was not denied his right to due process under Wolff, Hill, and Cato v. Rushen (9th Cir. 1987) 824 F.2d 703, supra (1) to adequate substitute aid in the form of gathering of information necessary for an adequate comprehension of the case; (2) to presentation of documentary evidence; (3) to call witnesses at his disciplinary hearing; (4) not to be found guilty except on the basis of some evidence substantiating the specific charge (i.e., he battered causing serious injury or battered with a weapon resident DAVIS); (5) not to be found guilty except on the basis of evidence having an indicia of reliability. All of which violated Petitioner's due process rights under the 14th Amendment to the United States constitution.

Except as expressly admitted, Petitioner denies each and every allegation of the Answer and reaffirm that the tribunal's guilt finding and concomitant punitive segregation term was in violation of the constitution.

### V.

Petitioner admits the allegations contained in ¶1 of the Answer at 1-2, except that he is alleging and only alleging that the hearing officer (tribunal) impermissibly relied on confidential information, that he was not permitted to obtain sufficient discovery or to call witnesses in preparation of his defense, and that his misconduct offense was misclassified as a serious Division "A-1" infraction, Petitioner denies these allegations, and reaffirm that his petition specifically articulate those contentions set forth above as indexed under paragraph four, and as detailed in his current writ application before the Court. (Pet. at 6-9i.)

### VI.

Petitioner admits the allegations contained in ¶2 of Respondent's Answer at 2.

### VII.

Petitoner admits the allegations contained in ¶3 of the Answer at 2, except

3.

that the petition filed in the California Court of Appeal on October 24, 2005 alleged the "same" claims as those alleged in the current petition, Petitioner denies this allegation and affirm that the October, 2005 petition (#D047381) was a challenge to a separate administrative judgment, appealed departmentally under a separate prison grievance that stemmed not from from his current claim of multiple due process violations residual to his 2004 disciplinary hearing. Rather solely stemming from the "classification committee's" subsequent assessment and imposition of a punitive segregation term for an offense he had not been held culpable of. (Lodg. 5 at 4 ¶¶III - IV.)

### VIII.

Petitioner admits the allegations contained in ¶¶4-5 of Respondent's Answer at 2-3.

### IX.

Petitioner acknowledges ¶6 of Respondent's Answer at 3.

### X.

Petitioner denies the allegations conatined in ¶7 of Respondent's Answer at 3, and affirm that he has cognizable claims warranting federal habeas relief. And furthermore that he has a federally protected liberty interest in remaining free from segregated confinement per Regulation §3341.5(c)(1), because his ASU-Max placement resulted after a hearing that lacked procedural due process, and such confinement subjected him to an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, supra at 484, acc'd Colon v. Howard (2nd Cir. 2000) 215 F.3d 227, 230;

Because Petitioner has alleged sufficient facts demonstrating that his ASU-Max sentence and its duration placed an atypical and significant hardship on him, the tribunal's guilt finding and officials' concomitant disciplinary sanctions are properly at issue in this federal habeas corpus proceeding. Thus, his instant claims are not moot.

XI.

Petitioner denies the allegations contained in ¶¶8-9 of Respondent's Answer at 3.

XII.

Petitioner acknowledges ¶10 of Respondent's Answer at 3, except that the state court decisions were not an unreasonable application of clearly established federal law as determined by the United States Supreme Court, nor were they based on an unreasonable determination of the facts, Petitioner denies these allegations.

XIII.

Petitioner acknowledges ¶11 of Respondent's Answer at 4, except that he received all of the due process to which he is entitled under <u>Wolff</u>, supra, and that the culpability finding by the tribunal was supported by some evidence under <u>Hill</u>, supra, Petitioner denies these allegations.

XIV.

Petitioner acknowledges and admits ¶12 of Respondent's Answer at 4.

XV.

Petitioner acknowledges ¶¶13-14 of Respondent's Answer at 4.

XVI.

Respondent has failed to plead sufficient facts to deny the allegations in grounds 1-12 of the petition or show legal cause why the relief prayed for should not be granted on these issues.

XVII.

Petitioner disputes the factual accuracy of the allegations and denials of the Answer to the extent that they conflict with the allegations of the petition for writ of habeas corpus.

XVIII. FACTUAL FINDINGS

Petitioner alleges that all express and implied factual findings by the state courts are not entitled to a presumption of correctness.

XIX. STANDARD OF REVIEW

As to each ground of the petiton, Petitioner alleges that the disposition of

5.

his case is controlled by AEDPA'S "unreasonable application" prong. He further alleges that, applying this standard, the state court decisions denying him relief constitutes an unreasonable application of federal law as determined by the United States Supreme Court. Petitioner also alleges that, the state court decision is based on an "unreasonable determination of the facts" that is rebutted by clear and convincing evidence in the record.

## XX. INCORPORATION BY REFERENCE

Petitioner incorporates by reference the petition, along with all of its supporting exhibits previously filed. By reference, he further incorporates the memorandum of points and authorities in suport of the Traverse, which is submitted contemporaneously.

## XXI. PRAYER FOR RELIEF

Petitioner is without remedy save for federal habeas corpus. Wherefore, Petitioner for the reasons set forth herein and in the documents incorporated by reference, respectfully request that the Court order:

1. Vacation of the finding of Petitioner's guilt indexed under Rules Violation Report (RVR) No. Cen.-FC-03-06-02R, dated June 16, 2003;

2. Expunge any references to the Rules Violation in Petitioner's prison central file; and

3. Grant any other and further relief as may be deemed appropriate, and to which he may be entitled to.

DATED: 8-7-08

Respectfully submitted,

By: _____
MARK A. HARRIS
Counsel of Record Pro Se

## VERIFICATION

I, Mark A. Harris, declare that I am the Petitioner proceeding as pro se counsel. And that I have read the foregoing Traverse and supporting contemporaneously filed memorandum of points and authorities, and that the matters stated therein are accurately reflected of my own personal knwoledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this day, at Susanville, California.

DATED: 8-7-08

MARK A. HARRIS
Petitioner