UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A. HARRIS, | ) | Case No. 07cv2216-JAH (BLM) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION FOR** |
| v. | ) | **ORDER DISMISSING PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS** |
| TOMMY FELKER, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On November 19, 2007, Petitioner Mark Harris, a state prisoner who is proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner challenges a prison disciplinary adjudication wherein he was found to have participated in the "stabbing battery of an inmate with serious injury" in violation of California Code of Regulations, title 15, § 3005(c) and, as a result, assessed a twenty-four month term in administrative segregation. Id.
///

1    This  Court  has  considered  the  Petition,  Respondent's  Answer,
2 Petitioner's lengthy Traverse, and all supporting documents submitted
3 by the parties.  For the reasons set forth below, this Court **RECOMMENDS**
4 that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED**.

5                    **FACTUAL  AND  PROCEDURAL  BACKGROUND**

6    In  1990,  Petitioner  plead  guilty  to  one  count  of  first  degree
7 murder while armed with a firearm and one count of second degree murder.
8 Lodgment 1.  He was sentenced to twenty-five years to life for the first
9 count, plus one year for the armed enhancement.  Id.  The court imposed
10 a term of fifteen years to life for count two, but set this term to run
11 concurrently with count one.   Id.

12    On  June  6,  2003,  while  Petitioner  was  incarcerated  at  Centinela
13 State  Prison,  several  inmates  were  involved  with  the  stabbing  of  an
14 inmate named Davis.  Lodgment 4 at 1-2.  The subsequent investigation
15 revealed that Petitioner planned the battery, which was supposed to have
16 occurred in the yard, but instead took place in inmate Davis' cell.  Id.
17 at 2.  Evidence showed that inmate Bishop stabbed inmate Davis and then,
18 when inmate Davis attempted to flee from the cell, Petitioner pushed him
19 back in.  Id.  Davis ultimately escaped the cell and reported to an
20 officer that he had been stabbed.  Id.; Lodgment 2 at 2.

21    The  prison's  Investigative  Services  Unit  ("ISU")  conducted  an
22 investigation and, on August 19, 2003, the Senior Hearing Officer held
23 a hearing on the matter.  Lodgment 4 at 1.  Based upon the evidence
24 offered by the ISU and presented at the hearing, the Senior Hearing
25 Officer and the Chief Disciplinary Officer found Petitioner guilty of
26 "participation in a stabbing battery of an inmate with serious injury"
27 (in violation of Cal. Code Reg., title 15, § 3005(c)).  Id. at 1, 10.
28 As  punishment,  Petitioner  was  assessed  a  360-day  forfeiture  of

behavioral credits (also known as "good time credits") and a twenty-four month term in the administrative segregation unit.  Lodgment 4 at 10 & Lodgment 5 at 1.

Because Petitioner was placed in administrative segregation on June 13, 2003, due to possible involvement in the stabbing incident, his term began to run as of that date.  See id.; Pet., Ex. K.  His minimum eligible release date from the segregation unit was calculated to be December 13, 2004 (Lodgment 5 at 1) and the prison records show that Petitioner actually was released from administrative segregation upon his transfer to High Desert State Prison on December 29, 2004 (Lodgment 9; Resp't Mem. at 7).  Additionally, as a result of the prison's failure to meet time constraints for imposing a credit loss, the order assessing the 360-day behavior credits loss was revoked.  See Lodgment 8 at 6; Lodgment 10 at 1.

Petitioner sought relief first through the prison appeal system then through habeas petitions in the California state courts.  See Lodgments 11-21.  On November 19, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus.

### JURISDICTIONAL CUSTODY REQUIREMENT

Upon review of the documents filed in this case, it appears that Petitioner is not in custody as a result of the conviction and sentence he challenges in the instant Petition.

Federal courts generally have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Fowler v. Sacramento Cty. Sheriff's Dept., 421 F.3d 1027, 1033 n.5 (9th Cir. 2005);  see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner

unless-- ...(h)e is in custody in violation of the Constitution or laws or treaties of the United States...”).  The Supreme Court's interpretation of the “in custody” language has not required “actual, physical custody.”  See Jones v. Cunningham, 371 U.S. 236, 239, 243 (1963) (finding custody requirement satisfied where petitioner on parole because parole “imposes conditions which significantly confine and restrain his freedom”); Fowler, 421 F.3d at 1033 n.5 (petitioner on probation considered “in custody”).  But, the custody requirement is not satisfied where the sentence for the challenged conviction has been fully served.  Maleng, 490 U.S. at 492; Garlotte v. Fordice, 515 U.S. 39, 45 (1995) (confirming holding of Maleng court); see also Preiser v. Rodriquez, 411 U.S. 475, 487-488 (1973) (noting that the purpose of initiating a habeas corpus action is to obtain an immediate release from illegal confinement or, at least, shorten the duration of confinement such as through the restoration of good-time credits).  Moreover, the possibility that the prior conviction will be used to enhance future sentences imposed for any subsequent crimes also is insufficient to satisfy the custody requirement.  Maleng, 490 U.S. at 492.

Here, Petitioner does not challenge his murder conviction or sentence.  He challenges only the prison disciplinary action for which he was sentenced to twenty-four months in segregated housing.  Pet. at 6-7; see also Traverse at 3.  However, Petitioner acknowledges that he already has served his term in administrative segregation[1] and the prison records show that Petitioner was released from administrative

---

[1]     The records Petitioner attaches to his pleadings indicate that even if he served the maximum sentence, he would have been released on May 13, 2005 (Pet., Ex. K), which was over two years before he filed his federal petition.

4

1   segregation upon his transfer to High Desert State Prison on December
2   29, 2004.  Lodgment 9; Resp't Mem. at 7.  This was almost three years
3   prior to the November 19, 2007 filing of his Petition in this Court.
4   Thus, Petitioner was not in custody under the disciplinary conviction
5   or sentence he is challenging at the time his federal petition was
6   filed.  This Court, therefore, lacks jurisdiction to hear the Petition.
7   Maleng, 490 U.S. at 490-91.

8       Even if Petitioner alleged that he continued to suffer consequences
9   collateral to his conviction, which he does not, these would not remedy
10  the jurisdictional problem.  "[O]nce the sentence imposed for a
11  conviction has completely expired, the collateral consequences of that
12  conviction are not themselves sufficient to render an individual 'in
13  custody' for the purposes of a habeas attached upon it." Maleng, 290
14  U.S. at 492; see also Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.
15  1990) (stating that an expired conviction cannot satisfy the "in
16  custody" requirement).

17      Petitioner also does not allege that he suffered a loss of good
18  behavior credits as a consequence of the disciplinary action.  While the
19  Constitution does not guarantee good-time credits for acceptable
20  behavior while in prison, Wolff v. McDonnell, 418 U.S. 539, 557 (1974),
21  the Supreme Court has held that where the state has created a right to
22  earn credits, "due process requires procedural protections before a
23  prison inmate can be deprived of a protected liberty interest in good
24  time credits." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472
25  U.S. 445, 453 (1985) (citing Wolff, 418 U.S. at 557).  Thus, an inmate
26  who is deprived of good-time credits without first having been afforded
27  procedural due process, may challenge the loss in a federal habeas
28  petition.  Wolff, 418 U.S. at 557.  However, Petitioner makes no such

claim in this case and, in fact, he was not deprived of any good-time credits as a result of this incident. <u>See</u> Lodgment 8 at 6 & Lodgment 10 at 1 (showing that the order assessing credit loss was revoked). Therefore, this Court **RECOMMENDS** that the Petition be **DISMISSED** for lack of jurisdiction.[2]

**CONCLUSION AND RECOMMENDATION**

In sum, this Court concludes that it lacks jurisdiction over Petitioner's Petition. As such, this Court **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered dismissing the Petition.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than September 12, 2008**. The document should be captioned "Objections to Report and Recommendation."

///

///

_____

[2] While the Court recommends that this case be dismissed based on the authority set forth above, the Court also notes that Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court..." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he was not in custody pursuant to the disciplinary adjudication and sentence attacked in the Petition when he filed his Petition in this Court. Accordingly, Rule 4 also supports this Court's recommendation that the Petition be dismissed.

07cv2216-JAH (BLM)

1      **IT IS FURTHER ORDERED** that any reply to the objections shall be

2  filed with the Court and served on all parties **no later than <u>October 3,</u>**

3  **<u>2008</u>**.  The parties are advised that failure to file objections within

4  the specified time may waive the right to raise those objections on

5  appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455

6  (9th Cir. 1998).

7      **IT IS SO ORDERED.**

8  DATED:  August 21, 2008

9

10                  BARBARA L. MAJOR
                       United States Magistrate Judge

11

12

13

14

15  COPY TO:

16  HONORABLE JOHN A. HOUSTON
    U.S. DISTRICT JUDGE

17  ALL COUNSEL

18

19

20

21

22

23

24

25

26

27

28

07cv2216-JAH (BLM)